**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


MARK BOUSSUM, et al.,

      Plaintiffs,

v.

DEBRA SCUTT,  et al.,

      Defendants.

_____/

Case Number:  09-CV-12929

HON. MARIANNE O. BATTANI


### ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

On June 30, 2009, this Court entered an Order of Deficiency because Plaintiffs had neither paid the $350 filing fee nor submitted applications to proceed without prepaying the fees and costs.  The Order required Plaintiffs to submit an application or one-third of the filing fee.  Doc No. 4.

Although Kenneth Harrison filed a new application, neither Mark Boussum nor Benjamin Platt did so. Consequently, Boussum and Platt were dismissed for failing to correct their filing deficiencies within the time allotted.  See Doc. No. 8.  The Court then ordered Harrison to pay an initial filing fee of $26.00, and monthly payments of 20 of the preceding month's income credited to his account until the total sum has been paid.  Id.

In a letter received December 11, 2009, Boussum notified the Court that he previously filed a motion to proceed in forma pauperis and that the motion had been granted.  The Court construes Plaintiff's letter as a request for reconsideration of the Court's Order of Deficiency and Order dismissing him from the lawsuit.

Pursuant to E.D. Mich. LR 7.1(g)(3), to obtain the requested relief, Plaintiff must demonstrate:  (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case.  A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain.  Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

After a thorough review of Plaintiff's motion and the pleadings in this action, the Court finds that Plaintiff has carried his burden of proving a palpable defect requiring correction.  In fact, Plaintiffs not only had submitted applications to proceed *in forma pauperis* when they filed their complaint in the Western District of Michigan, their applications had been granted prior to the transfer of their case to the Eastern District of Michigan.

The Order to Proceed in Forma Pauperis with Initial Fee Due When Funds Become Available reads in relevant part as follows:

> IT IS ORDERED that Plaintiff Boussum may proceed in forma pauperis without payment of an initial partial filing fee because plaintiff was without sufficient financial resources at the time the complaint was filed.  Plaintiff will remain liable for the initial partial filing fee of $18.78 when funds become available.
>
> IT IS FURTHER ORDERED that the agency having custody of Plaintiff Boussum shall collect the initial partial filing fee of $18.78 as soon as funds become available.  After the initial partial filing fee has been paid, the agency having custody of plaintiff shall collect the remainder of Plaintiff's portion of filing fee or $97.89.  As outlined above, each month that the amount in plaintiff's account exceeds $10,00, the agency shall collect 20 percent of the preceding month's income and remit that amount to the Clerk of this court. The agency shall continue to collect monthly payments form plaintiff's prisoner account until his portion of the fee is paid in full.

See Order to Proceed in Forma Pauperis with Initial Fee Due When Funds Become Available, Doc. No. 14, Case No. 09-cv-00545.

Accordingly, the Court **VACATES** the Order of Deficiency (Doc. No. 4) and **VACATES** The Opinion and Order Dismissing Plaintiffs Boussum and Platt, Granting Plaintiff's Harrison's Application to Proceed Without Prepayment of the Fee, and Ordering Plaintiff Harrison to Provide Seven Copies of the Complaint.

Accordingly, Plaintiffs Bossum and Platt are hereby **REINSTATED**. Payment of filing fees in this case shall be in accordance with the July 23, 2009 Order. Plaintiffs are **HEREBY ORDERED** to file seven copies of their complaint on or before **January 27, 2010.** Failure to file the required copies may result in dismissal of the complaint.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2009

**CERTIFICATE OF SERVICE**

A Copy of this Order was e-filed and/or mailed to Plaintiffs and counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager

3