UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. BOUSSUM, BENJAMIN
PLATT and KENNETH HARRISON,

      Plaintiffs,                CIVIL ACTION NO. 09-12929

      v.                    DISTRICT JUDGE MARIANNE O. BATTANI

D. SCUTT, K. RYAN, B. GARDON,      MAGISTRATE JUDGE MARK A. RANDON
L. McMILLAN, G. JOHNSON,
F. VAN GOETHEM, H. ELUM,
JENNIFER GRANHOLM and
PATRICIA L. CARUSO,

      Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFFS'
MOTION FOR A PRELIMINARY INJUNCTION (DKT. NO. 10) AND TO
DENY PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (DKT. NO. 17)**

## I. INTRODUCTION

Plaintiffs, Mark Boussum, Ben Platt and Kenneth Harrison ("Plaintiffs"), are inmates

housed at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Plaintiffs bring this

action under 42 U.S.C. § 1983, claiming violations of their rights under the United States

Constitution. Specifically, Plaintiffs challenge a variety of conditions of their confinement, such

as: (a) "double celling" (*i.e.*, placing two inmates in a cell designed to hold one); (b) "cube

settings" or overcrowding; (c) food service health hazards; (d) lack of access to rehabilitative

programs; (e) inadequate medical care; (f) inadequate grievance procedures; (g) disciplinary

proceedings without due process; (h) lack of mental health care; (I) lack of access to the law

-1-

library; (j) personal property destroyed by prison staff; (k) misappropriation of inmate funds; (l) lack of proper protective custody; (m) misuse of inmate benefit funds; etc. Pending before the Court is Plaintiffs' motion for preliminary injunction (Dkt. No. 10) and Plaintiffs' motion for class certification (Dkt. No. 17). Since the undersigned finds: (1) that Plaintiffs have failed to satisfy their burden of entitlement to preliminary injunctive relief, and (2) that none of the named Plaintiffs are adequate representatives to protect the interests of a class, it is **RECOMMENDED** that both motions be **DENIED**.

## II. DISCUSSION

### A. *Plaintiffs' Motion for Preliminary Injunction Should be Denied*

At the outset, it should be noted that it is not clear what exactly Plaintiffs' motion for preliminary injunction is asking the Court to order. Instead of containing a request for specific injunctive relief, Plaintiffs' motion contains a laundry list of generalized complaints about the conditions of their confinement. Furthermore, Plaintiffs' motion is filed and signed by Plaintiff Kenneth Harrison, alone. As Judge Battani has previously noted (*see* Dkt. No. 22 – Order Striking Motion for Reconsideration), Mr. Harrison cannot conduct this case on behalf on Messrs. Boussum and Platt. Specifically, Judge Battani recognized that 28 U.S.C. § 1654 provides "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel. . . ." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Thus, the Court will only consider the motion as it relates to Mr. Harrison, since neither Mr. Boussum nor Mr. Platt signed the motion papers. Plaintiffs' motion contains additional defects. In particular, the motion asks for relief against Defendant Jennifer Granholm. *See* Plaintiffs' Memorandum of Law in support of Preliminary Injunction, at 2. However, Governor Granholm

has already been dismissed from this case, with prejudice (Dkt. No. 2). Accordingly, for these – and other – reasons, Plaintiffs' motion for a preliminary injunction should be denied.

### 1. *Preliminary Injunction Standard*

"A preliminary injunction is an extraordinary remedy which would be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). In deciding whether to grant or deny a preliminary injunction, the Court must balance four factors: (1) whether the plaintiff has shown a strong or substantial likelihood of success on the merits; (2) whether the plaintiff has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *See Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000). The four factors are not prerequisites to be met, but must be balanced. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1992).

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary*, 228 F.3d at 739. Thus, Plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

Finally, in addition to these four factors which govern all preliminary injunctions, Plaintiffs' suit challenging the conditions of confinement is subject to § 802 of the Prison Litigation Reform Act, which in relevant part provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).[1]

### 2. Plaintiffs Are Not Entitled To A Preliminary Injunction

As noted earlier, Plaintiffs' motion does not specifically state what they want the Court to order Defendants to do. Rather, Plaintiffs' motion contains general complaints about overcrowding, inadequate medical care and misappropriation of prisoner benefit funds. In an Affidavit attached to his motion for a preliminary injunction, however, Mr. Harrison asks the Court to order four things: (1) issue a TRO requiring Defendants to stop the 10 percent surcharge on inmate benefit funds and place such funds into a "general account;" (2) stop the increase of "Cube settings" and remove all the extra beds that were added 3 months ago; (3) remove all mental health inmates from General Population and place them in a secure housing unit; and (4) remove all medical isolation, protective custody and punitive segregation inmates from "I-Unit."

---

[1] The referenced principles of comity prevent a court from ordering "any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless-(i) Federal law requires such relief to be ordered in violation of State or local law; (ii) the relief is necessary to correct the violation of a Federal right; and (iii) no other relief will correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(B).

As to Plaintiffs' claims regarding the 10 percent surcharge placed on inmate benefit funds, Plaintiffs are not entitled to a preliminary injunction for these claims because Plaintiffs will have an adequate remedy at law in the form of money damages if they prevail on these claims. It is improper for the Court to issue a preliminary injunction where Plaintiffs would have an adequate remedy at law. *See Overstreet,* 305 F.3d at 578 ("A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages."); *JDC Management, LLC v. Reich*, 644 F.Supp.2d 905, 941 (W.D. Mich. 2009).

With respect to the housing issue (*i.e.* Plaintiffs' request that certain beds be removed and that mental health/medical isolation inmates be reassigned to particular areas of the prison), Plaintiffs have failed to submit the evidence necessary to substantiate their claims or clear the high hurdle imposed by Fed. R. Civ. P. 65. While Plaintiffs allege overcrowding, an Eighth Amendment claim requires more than this mere allegation. To succeed on an Eighth Amendment claim, Plaintiffs must show that Defendants were **deliberately indifferent** to the health or safety of the inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "For injunctive relief, the plaintiffs must show that the defendants were, at the time of the suit, 'knowingly and unreasonably disregarding an objectively intolerable risk of harm and that they will continue to do so.'" *Laube v. Haley*, 234 F.Supp.2d 1227, 1242 (M.D. Ala. 2002) (quoting *Farmer*, 511 U.S. at 846). Beyond Plaintiffs' allegations, the record contains absolutely no evidence regarding the amount of space each inmate is allotted, the amount of time he is required to spend in that space, and the adverse effects caused by the alleged overcrowding. Without such evidence, Plaintiffs have failed to carry their burden of demonstrating both a likelihood of success on their Eighth Amendment claim and irreparable harm. *See id.* at 1244.

Likewise, Plaintiffs have failed to show irreparable harm with respect to housing mental health/medical isolation inmates in "I-Unit." Mr. Harrison does not allege in his motion for a preliminary injunction or in his Affidavit that he is a "medical isolation" or "mental health" inmate. As noted previously, Mr. Harrison cannot represent other inmates in this action. Thus, Mr. Harrison's generalized complaints about harm to inmates other than himself are irrelevant to the present motion.

Furthermore, regardless of whether any past, specific actions of the medical staff entitle Plaintiffs to relief under § 1983, Plaintiffs have offered absolutely no evidence to show that the level of medical staffing at the G. Robert Cotton Correctional Facility is likely to cause them future harm. It is well-established that "[a] preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm." *Fisher v. Goord*, 981 F.Supp. 140, 168 (W.D. N.Y. 1997). Mr. Harrison has not provided any evidence that he will require future medical attention, or that the staffing levels alone will make it impossible for him to receive adequate medical care. In the absence of such evidence, Plaintiffs are not entitled to injunctive relief based on the allegedly inadequate medical attention other inmates received in the past.

Finally, the Supreme Court has held that as long as prison administrators rationally pursue a legitimate penological objective, their decisions based upon their informed discretion should be given wide ranging deference. *See, e.g., Jones v. North Carolina Prisoners' Union,* 433 U.S. 119 (1977). As the Supreme Court has also noted,

> [T]he problems that arise in the day-to-day operation of a
> corrections facility are not susceptible of easy solutions. Prison
> administrators therefore should be accorded wide ranging

> deference in the adoption and execution of policies and practices
> that in their judgment are needed to preserve internal order and
> discipline and to maintain institutional security.

*Bell v. Wolfish*, 441 U.S. 520, 547 (1979).  The preliminary injunction requested by Plaintiffs

would be an unnecessary intrusion into the daily operation of the MDOC.  For all these reasons,

Plaintiffs' motion for a preliminary injunction should be **DENIED**.

### B.      *Plaintiffs Are Not Entitled To Class Certification*

Federal Rule of Civil Procedure 23(a) provides:

> **(a) Prerequisites to a Class Action.**  One or more members of a
> class may sue or be sued as representative parties on behalf of all
> only if (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the interests
> of the class.

Fed. R. Civ. P 23.  Plaintiffs are unrepresented and incarcerated and, therefore, not adequate

representatives to protect the interests of a class.  Courts have consistently held that *pro se*

prisoners are not adequate class representatives able to fairly represent a class.  *See Oxendine v.*

*Williams*, 509 F.2d 1405 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981);

*Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186 (E.D. Wis. 1983); *Inmates,*

*Washington County Jail v. England*, 516 F.Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d

1081 (6th Cir. 1981).  *See also*, *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th

Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept.

21, 1999); *Giorgio v. Tennessee*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996);

*Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at * 1 (6th Cir. Apr. 25, 1996); *Barnes v.*

*Dunn*, No. 91-5889, 1991 WL 243553, at *1 (6th Cir. Nov. 21, 1991); *Stanko v. Story*, No. 90-6549, 1991 WL 73257, at *1 (6th Cir. May 7, 1991).[2]

In addition, Plaintiffs' claims regarding deliberate indifference to their medical care will be embedded in specific sets of factual claims that are largely unique to each of them. These and other claims do not involve common facts with those of other inmates who may seek to complain about deliberate indifference to their different serious medical needs. Different defendants and factual scenarios will surely be involved so that the individual facts of the class members will predominate over the common facts, even if the constitutional legal framework is the same. Thus, this does not appear to be an appropriate case for class certification, even if Plaintiffs were suitable class representatives.

Accordingly, Plaintiffs have failed to meet the prerequisites for class certification and this motion should also be **DENIED**.

## II. CONCLUSION

**IT IS RECOMMENDED** that Plaintiffs' "Motion for Preliminary Injunction" (Dkt. No. 4) be **DENIED**; and

**IT IS RECOMMENDED** that Plaintiffs' "Motion for Class Certification" (Dkt. No. 17) also be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific

---

[2] Plaintiffs may argue that they have requested counsel in this matter. Yet, this motion was denied (Dkt. No. 18) because Plaintiffs did not show that exceptional circumstances exist to warrant an appointment.

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v.*

*Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  February 16, 2010

Certificate of Service

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date,*
*February 16, 2010, by electronic and/or ordinary mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*