UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. BOUSSUM, #160825,
BENJAMIN PLATT, #407754
and KENNETH HARRISON, #173108,

       Plaintiffs,                          CIVIL ACTION NO. 09-12929

      v.                                DISTRICT JUDGE MARIANNE O. BATTANI

D. SCUTT, K. RYAN, B. GARDON,       MAGISTRATE JUDGE MARK A. RANDON
L. McMILLAN, G. JOHNSON,
F. VAN GOETHEM, H. ELUM,
JENNIFER GRANHOLM and
PATRICIA L. CARUSO,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 29 AND 39)**

**I. INTRODUCTION**

Plaintiffs, Mark Boussum, Ben Platt and Kenneth Harrison ("Plaintiffs") are inmates housed at the G. Robert Cotton Correctional Facility in Jackson, Michigan ("Cotton"). Plaintiffs bring this action under 42 U.S.C. § 1983, challenging the constitutionality of various conditions of their confinement. After Plaintiffs' original complaint was filed, Harrison filed an amended complaint purportedly on behalf of himself and his co-plaintiffs, and then Boussum similarly filed an amended complaint. However, only Boussum's amended complaint was served upon defendants. Each of Plaintiffs' complaints name multiple defendants and allege a number of problems at Cotton; however, none contain allegations demonstrating the personal involvement of any named defendant in the deprivation of Plaintiffs' federal rights.

-1-

Before the Court are two motions: (1) the motion to dismiss of Defendant Frank Van Goetham, Chief Psychologist at Cotton, and (2) the motion to dismiss of the remaining Defendants, also Cotton employees: Scutt (the Warden), Ryan (an Assistant Deputy Warden), Gardon (the Health Unit Manager), McMillan (the Grievance Coordinator), Johnson (the Director of Food Services) and Elum (the Lead Librarian) (collectively "the remaining Defendants"). The motions are before the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On April 19, 2010, Plaintiff Boussum was ordered to respond to both motions on or before June 4, 2010[1] but, to date, no response has been filed. Notwithstanding this lack of opposition, the undersigned finds that Plaintiffs have failed to state a claim against either Van Goetham or the remaining Defendants and that all of the Defendants are immune from liability for any alleged actions taken in their official capacities. For these reasons it is **RECOMMENDED** that both motions to dismiss be **GRANTED** and Plaintiff's lawsuit **DISMISSED WITHOUT PREJUDICE.**

---

[1] Only Plaintiff Boussum signed the most recent amended complaint. (Dkt. No. 26, p. 11). The remaining Defendants argue, persuasively, that Boussum's amended complaint thus terminates any claims brought by Platt and Harrison. However, the Court need not reach this issue because sovereign immunity and Plaintiffs' failure to state a claim apply equally to all three of Plaintiffs' pleadings.

## II. FACTS

**A. Original Complaint.**

With few exceptions, Plaintiffs' original complaint allegations mirror those set forth in the subsequent amended complaints filed by Harrison and Boussom.[2] Specifically, in the original complaint, Plaintiffs claim constitutional violations in the following areas:

(a) "Double Celling," alleging that inmates are housed in "double cells" designed for only one inmate; inmates are "locked down" for 21 hours per day; and this creates stress and potential health hazards;

(b) "Cube Setting in Open Dorm," alleging that Level 1 inmates are housed in 7-man cubes in a dorm setting that does not have enough desks or seats, and officers cannot see into the dorms. Desks and lockers are being broken into, inmates are being attacked and assaulted due to overcrowding, and there are no ladders for inmates who have to use top bunks;

(c) "Food Service," alleging the existence of health hazards in the manner in which food is stored, prepared and served;

(d) "Programs," alleging that budget cuts have placed a stress on prisoner programming, rendering some prisoners incapable of meeting Parole Board requirements;

(e) "Medical Care," alleging that there are serious medical problems at the facilities due to understaffing, outdated equipment, nurses making diagnoses with the aid of a physician and passing

---

[2] The exceptions relating to Harrison's amended complaint are: (1) the inclusion of Defendant Gordon (properly spelled "Gardon") in the case caption but not under the list of "Parties" in the body of the complaint; (2) the addition of a category entitled "Mattress and Pillows"; and (3) Harrison's claim that he is no longer confined at Cotton and is currently confined at Alger Maximum Correctional Facility. (Dkt. No. 13) Boussum's amended complaint also lists Defendant Gardon in the case caption without mentioning him in the body of the complaint, but there is no category entitled "Mattress and Pillows." (Dkt. No. 26)

out the wrong medications, failing to perform diagnostic tests, and delayed examinations and treatment;

(f) "Grievance Procedures," alleging that the Grievance Coordinator does not answer the many grievances or problems inmates have, and when inmates complain they are placed on modified grievance access;

(g) "Disciplinary Proceedings," alleging that inmates are being denied due process in disciplinary hearings;

(h) "Mental Health," alleging deficiencies in various aspects of mental health treatment;

(I) "Law Library," alleging that the law library does not provide free legal copying for indigent prisoners or meaningful access to the courts;

(j) "Property Destroyed by Prison Officials," alleging officers throw or give away prisoners' personal property when prisoners are sent to outside hospitals;

(k) "P.A. 245 Sec. 926 10% Surcharge," alleging that a State law authorizes a surcharge on prisoner store items but the funds are not used for the purpose for which they were appropriated; and

(l) "Segregation of Protective Custody, Punitive, Medical Inmates," alleging that such inmates are all improperly housed within the same unit; and untrained prisoners clean medical cells and cleaning materials are placed back in the housing unit, placing staff and inmates at risk of serious health hazards.

All of the Defendants have managerial responsibility or are supervisory employees at Cotton. Yet, with the possible exception of the Grievance Coordinator (Defendant McMillan), neither Plaintiffs' original complaint nor the subsequent amendments contain allegations that any of the Defendants were personally involved in the deprivation of Plaintiffs' federal rights. Plaintiffs'

pleadings also lack any allegation that Plaintiffs were individually harmed by the alleged improper conditions of their confinement. Plaintiffs' complaint seeks specified declaratory and injunctive relief and damages for alleged violations of the First, Sixth, Eighth and Fourteenth Amendments. (Dkt. No. 1)

### III. ANALYSIS

**A. Standard of review**

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief can be granted under any set of facts that can be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 947 (6th Cir. 1993). In evaluating a Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the pleader. *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002); *Hardy v. Jefferson Cmty. Coll.*, 260 F.3d 671, 677 (6th Cir. 2001). The burden is on the moving party to prove that no legally cognizable claim for relief exists. *Amway Distribs. Benefits Ass'n v. Fed. Ins. Co.*, 990 F. Supp. 936, 940 (W.D. Mich. 1997).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, a court may use its discretion in dismissing a pleading if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**B. The effect of Plaintiff's failure to respond on Defendants' motions to dismiss**

United States District Court for the Eastern District of Michigan Local Rule 7.1(b) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109.

Defendants filed the instant motions to dismiss on March 5 and April 15, 2010 (Dkt. Nos. 29, 39). On April 19, 2010, Plaintiff was ordered to respond to both motions on or before June 4, 2010 but has failed to respond to either motion. Therefore, Defendants' motions may be deemed unopposed. *Humphrey v. U.S. Attorney Gen's Office*, 279 Fed.Appx. 328 (6th Cir. 2008). Notwithstanding the lack of opposition, Defendants' motions are still well-taken in light of the analysis set forth below.

**C. Plaintiffs have failed to state a claim against Defendants**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional rights allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). A plaintiff must also demonstrate the personal involvement of each defendant in the activity that forms the basis of the complaint.

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989). Simply being aware of a prisoner's complaint and failing to take corrective action is insufficient to impose liability on supervisory personnel under § 1983. *Poe v Haydon*, 853 F.2d 418, 429 (6th Cir. 1988), *cert. den.*, 488 U.S. 1007 (1989). The supervisor must have directly participated in the alleged *wrongful* conduct:

> [A] supervisory official's failure to, control, or train the offending individual is not actionable, unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it."

*Id*. at 429.

Plaintiffs have failed to allege how any of the named Defendants participated in the deprivation of their constitutional rights.[3] Their pleadings are instead a laundry list of grievances coupled with a list of defendants deemed to have overall responsibility over the aggrieved conditions. Beyond the two lists and the supervisory role of the selected Defendants, there is no connection between the Defendants and any alleged actionable conduct. Moreover, Plaintiffs' reliance on the overall conditions at Cotton as a basis for an Eighth Amendment claim is also misplaced. In *Wilson v. Seiter*, 502 U.S. 294 (1991), the Supreme Court reiterated that a prisoner must show he was deprived of a single, identifiable human need such as food, warmth or exercise;

---

[3] Harrison's amended complaint does indicate that he has personally experienced not receiving a response from the Grievance Coordinator at Step I (Dkt. No. 13 ¶ F), but this allegation clearly does not rise to the level of a constitutional violation. First, the Michigan Department of Corrections Policy Directive 03.02.130 provides that a prisoner may appeal a grievance to the next step if a timely response is not received. And, there is no constitutionally protected due process interest in unfettered access to a prison grievance procedure. *Walker v. Michigan Dept. of Corrections*, 128 Fed.Appx. 441, 445 (6th Cir. 2005).

and that the defendant possessed a sufficiently culpable state of mind in order for prison conditions to be deemed to be cruel and unusual punishment. The Court emphasized that "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a human need exists." *Id.* at 305. Plaintiffs' pleadings concurrently lack allegations of Defendants' personal involvement and allegations that Plaintiffs actually suffered identifiable harm from the conditions which are claimed to exist at Cotton. As such, Plaintiff Boussum's amended complaint – like those that preceded it – fails to state a claim and should be dismissed.

**D. Defendants are immune from liability for actions taken in their official capacities**

The Eleventh Amendment provides states immunity from suit by private citizens in federal courts. *Lawson v. Shelby County, Tennessee*, 211 F.3d 331 (6th Cir. 2000). There are only three qualified exceptions to this grant of immunity. First, the grant of immunity may be waived by the state; second, Congress may, in certain constitutionally mandated circumstances, abrogate the states' immunity through statute, and third, "a federal court may enjoin a 'state official' from violating federal law." *Id. at 334-335* (citing *Ex parte Young*, 209 U.S. 123 (1908)).

The state of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Additionally, the language of § 1983 itself does not permit suits against a state or its agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

With the exception of prospective injunctive relief, § 1983 claims against state officials in their official capacity are also barred by the Eleventh Amendment as claims against the state itself.

*Will*, 491 U.S. at 71. In determining whether a complaint states a claim against a state official for prospective injunctive relief, the reviewing court should conduct "a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring)

As discussed above, Plaintiffs have failed to allege a violation of federal law. Therefore, any claims stated against Defendants in their official capacities are also precluded by Eleventh Amendment immunity.[4]

## IV. RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that the motion to dismiss of Defendant Frank Van Goetham (Dkt. No. 29) and the motion to dismiss of Defendants Scutt, Ryan, Gardon, McMillan, Johnson and Elum (Dkt. No. 39) be **GRANTED** and Plaintiffs' lawsuit be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

---

[4] An analysis of whether qualified immunity applies cannot be done, because, again, the complaint lacks allegations detailing the purported unconstitutional conduct of Defendants.

*Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                          s/Mark A. Randon
                                          MARK A. RANDON
                                          UNITED STATES MAGISTRATE JUDGE

Dated: October 8, 2010

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 8, 2010, by electronic and/or first class U.S. mail.*

                                          *s/Melody R. Miles*
                                          *Case Manager to Magistrate Judge Mark A. Randon*
                                          *(313) 234-5542*